UNITED STATES DISTRICT COURT   c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARL WAYNE STEWART,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-00847 |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES OF AMERICA,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Docs. 5, 17) filed by Plaintiff Carl Wayne Stewart ("Stewart") and a Motion to Dismiss (Doc. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant United States of America. Defendant seeks dismissal with prejudice of Stewart's claims.

### I. Background

Stewart originally filed a Petition for Injunction to Arrest Seizure & Sale in the Tenth Judicial District Court, Parish of Natchitoches. Defendant filed a Notice of Removal on June 15, 2016 (Doc. 1) pursuant to 28 U.S.C. §§ 1441, 1442, 1444, and 2410.

Stewart states that he is the heir of Dorothy Green Stewart. (Doc. 1-1). Stewart's petition alleges that, in 1990, a judgment was issued foreclosing property that was ultimately sold in 1991. (Doc. 1-1). Stewart apparently requests that the sheriff seizure and sale of the property be declared unenforceable. Stewart also

suggests that the United States, through the USDA/FmHA[1], holds an interest in the property based on a program involving Dorothy Green Stewart. (Doc. 1-1).

## II.   Law and Analysis

### A.   The Motion to Remand should be denied.

Stewart objected to removal of this case and the Court construes his identical filings as Motions to Remand. (Docs. 5, 17). In his motion, Stewart refers to the removal order entered on June 16, 2016, and states that it was done without service on the parties. Additionally, Stewart refers to his prior case and states that the actions involved the same matter. However, Stewart's prior case was closed on March 5, 2015. Stewart v. United States, 14-CV-02258, 2015 WL 1089193 (W.D. La. Mar. 5, 2015) (Doc. 50). The appeal in the Fifth Circuit was dismissed for want of prosecution on June 1, 2015, since Stewart failed to timely file a brief and record excerpts. (Doc. 57).

It is unclear whether the majority of Stewart's Motion to Remand is in reference to the current case or Stewart's prior case involving the same matter. Nonetheless, Stewart has objected by alleging a violation of the "deceptive trade practice Act," abuse of judicial resources, a failure to consider objections, inappropriate use of the "Magistrate Act" in regards to consent and the assignment of the Magistrate Judge, judicial activism, and prejudice against Stewart. Stewart references the Tenth Judicial District and appears to allege that the matter was removed without regard to proper procedure. Stewart requests a conference or

---

[1] FmHA appears to be the Farmers Home Administration, a former agency of the United States Department of Agriculture ("USDA").

evidentiary hearing to dispute "immunity from acts in capacity by this enfringment upon the states, city and US rights failure to act US Federal Claims docket 1:96-cv-00304/RHH unresolved." (Docs. 5, 17).

Defendant removed this action pursuant to 28 U.S.C §§ 1441, 1442, 1444, and 2410. (Doc. 1). The United States government has been named as a defendant in this action. "[T]he removing party bears the burden of proving that the court has jurisdiction to hear the claim." Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868 (1993).

Under 28 U.S.C. § 1442(a), "[a] civil action [ . . . ] that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, for or relating to any act under color of such office [ . . . ]." Defendant's contact with Stewart and/or Dorothy Green Stewart occurred in connection to the foreclosure proceedings and the contract between Dorothy Green Stewart and the USDA/FmHA. Therefore, as the suit is directed against the United States and for acts under color of such office, the case was properly removed.

Additionally, 28 U.S.C. § 2410(a) states, in pertinent part, that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which

the United States has or claims a mortgage or other lien." Under 28 U.S.C. § 1444, "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Therefore, the Motion to Remand should be denied as removal by the United States was proper.

### B.   The Motion to Dismiss should be granted.

Defendant filed a Motion to Dismiss (Doc. 13) asserting that Stewart's action concerning the property had already been considered by this Court in a previous suit and dismissed with prejudice. See Stewart v. United States, 14-CV-02258, 2015 WL 1089193 (W.D. La. Mar. 5, 2015). The previous suit named various defendants, including the United States of America, the USDA/FmHA, the State of Louisiana, and the City of Natchitoches. It asserted damages related to a sale at public auction in 1991 over which the USDA/FmHA allegedly had an interest. Defendant seeks dismissal of Stewart's suit on the basis of res judicata and untimeliness.

Stewart filed a Memorandum in Opposition on July 12, 2016. (Doc. 16). Defendant filed a reply brief on July 14, 2016. (Doc. 18).

### 1.   Standards governing the Motion to Dismiss.

A party may move for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a motion to dismiss "is viewed with disfavor and is rarely granted." Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

4

To survive a motion to dismiss, the pleadings must contain enough facts to state a claim to relief that is plausible on its face. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

### 2.   Stewart's claim is barred by res judicata.

"The doctrine of res judicata . . . forecloses relitigation of claims that were, or could have been, raised in a prior action." Landor v. Lafayette Consol. Gov't., 126 F.Supp.3d 761, 767 (W.D. La. 2015) (citing Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 312-13 (5th Cir. 2004). If a final judgment on the merits of an action has been rendered, res judicata prohibits parties from relitigating issues that were, or could have been, raised in the prior action. Houston Professional Towing Ass'n v. City of Houston, 812 F.3d 443, 447 (5th Cir. 2016) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Res judicata 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" Id. (citing Comer v. Murphy, 718 F.3d 460, 467 (5th Cir. 2013)).

In his response to Defendant's Motion to Dismiss, it does not appear that Stewart disputes any particular element or the application of res judicata. In addition to referring to his objections to the removal of this case, Plaintiff appears to contend that the pleading was generally improper and inappropriate.

The first of res judicata's four elements is that the parties are identical or in privity. In Stewart's prior action, the named Defendants were the United States of America, the USDA/FmHA, the State of Louisiana, and the City of Natchitoches. Stewart v. United States, 14-CV-02258, 2015 WL 1089193 (W.D. La. Mar. 5, 2015). The present claim is against the United States of America, through the USDA/FmHA. In both cases, Carl Wayne Stewart was the plaintiff who sought relief through his position as heir of Dorothy Green Stewart. Therefore, the first element of res judicata is satisfied.

The second and third element of res judicata is that the judgment in the prior action was rendered by a court of competent jurisdiction and the prior action was concluded by a final judgment on the merits. Stewart's prior case was dismissed with prejudice in its entirety as untimely, and Stewart does not appear to be alleging fraud in obtaining the judgment in the original court. A court "by necessity has the authority to determine its own jurisdiction over the parties and subject matter, and does so either tacitly or expressly, by rendering a judgment." Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1052 (5th Cir. 1987). "Absent an allegation of fraud in obtaining the judgment, the court making the res judicata determination should not question the competent jurisdiction of the original court." In re Vitro Asset Corp., 539 B.R. 108, 120-21 (N.D. TX. 2015) (citing Stoll v. Gottlieb, 305 U.S. 165, 172 (1938)). Although

"[d]ismissals for want of jurisdiction are not decisions on the merits, [ ] those based on limitations are." Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 562 (5th Cir. 1983). Therefore, the judgment in Stewart's prior case was rendered by a court of competent jurisdiction and the district court issued a final judgment on the merits when the case was dismissed with prejudice.

The fourth element of res judicata is that the same claim or cause of action was involved in both actions. The Court applies the "transactional test" in order to determine whether the prior and current suits involve the same cause of action. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" Id. (citations omitted). "The critical issue under the transactional test is whether the two actions are based on the 'same nucleus of operative facts.'" Id. (citation omitted). "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." Agrilectric Power Partners, Ltd. V. General Elec. Co., 20 F.3d 663, 665 (5th Cir. 1994).

Although Stewart's pleadings are often incomprehensible, it appears that both his current and previous lawsuits arise from the same common nucleus of operative facts. Stewart states that Dorothy Green Stewart had entered into an agreement with the USDA/FmHA and that the property was subject to seizure and sale in 1991 in Natchitoches, Louisiana. Stewart further states that he is the heir to Dorothy Green Stewart. Although the legal relief differs in the current and previous action, the same

7

common nucleus of operative facts are present. Therefore, the fourth element of res judicata is met.

Furthermore, Stewart makes no argument that his request for injunctive relief could not have been raised in the prior action or is premised upon facts that were either not known or did not exist at the time. The Court can see no reason why Stewart could not have demanded injunctive relief in his previous suit. Therefore, res judicata bars Stewart from relitigating his claims in this current action and Stewart's claims should be dismissed.

## III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motions to REMAND (Docs. 5, 17) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss (Doc. 13) be GRANTED and that Plaintiff's claims against Defendant be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _____8th_____ day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

9