U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 16 2016

TONY R. MOORE  CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| CARL WAYNE STEWART, Plaintiff | CIVIL ACTION NO. 1:16-CV-00847 |
| VERSUS | CHIEF JUDGE DRELL |
| USA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Proceed *in forma pauperis* on Appeal. (Doc. 31).

### Background

Carl Wayne Stewart's ("Stewart") application states that he is presently unemployed, single, and has no dependents. Stewart was last employed in October 1981. He currently receives no income of any kind, except for approximately $8,500.00 from SSI in the last twelve months, or approximately $708.33 a month. Additionally, he states that he has a shared interest in a family home, but that the value is unknown. Stewart has an additional $40.00 in cash or a checking or savings account.

Stewart lists a $28,000.00 debt owed to Veterans Affairs. His monthly expenses, including utilities, telephone, medical, shelter, and transportation, total $660.00 a month. The amount of Stewart's monthly income is approximately $48.33 more than his combined monthly expenses.

Stewart's Notice of Appeal is largely incomprehensible. He submitted his Notice to the Fifth Circuit "in the interest of justice, Question of Removal and Remand

facts." He states that the facts of this matter were presented to the Tenth Judicial District Court in Natchitoches Parish in June 2016 as an "injunction to arrest the sale and seizure by the sheriff." Stewart additionally appears to object to the fact that no evidentiary hearing was held following Defendant's Notice of Removal and Plaintiff's subsequent Motion to Remand. Additionally, Stewart states "appears of judicial activism. Lending of the office to advance the private interest of the judge and others, error formulating a rule of law, FRCP 72, magistrate assignment without consent 28 USC 636a, practice of law." (Doc. 29).

This Court had granted Defendant's Motion to Dismiss on the basis of res judicata, as Stewart's action regarding the property in dispute had previously been considered by this Court in a previous suit and dismissed with prejudice. (Doc. 24); see Stewart v. United States, 14-CV-02258, 2015 WL 1089193 (W.D. La. Mar. 5, 2015).

## Discussion

Under Federal Rule of Appellate Procedure 24(a)(1), a party "who desires to appeal in forma pauperis must file a motion in the district court" and attach an affidavit that shows the "party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2). Even if the party had previously been permitted to proceed *in forma pauperis* at the district court level, the district court can deny the party leave to appeal *in forma pauperis* if "the district court — before or after the

notice of appeal is filed — certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding." Fed. R. App. 24(a)(3)(A).

The Court's inquiry into Stewart's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Jones v. Kirkwood, 323 Fed. Appx. 392, 392 (5th Cir. 2009) (quoting Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In this case, the Court finds that Stewart's case does not raise an issue of even arguable merit. Stewart's Notice of Appeal does not appear to address the basis of the district court's dismissal. His claim was dismissed on res judicata grounds because Stewart has already received a final judicial resolution of his claims. Stewart has not demonstrated that he will raise a nonfrivolous issue on appeal, and accordingly, his Motion to Proceed *in forma pauperis* on Appeal should be denied. See Wagstaff v. U.S. Dept. of Educ., 366 F.ed Appx. 564 (5th Cir. 2010) (unpublished) (denying *in forma pauperis* motion on the basis that plaintiff had not shown that her appeal will raise nonfrivolous issues regarding the district court's dismissal of her complaint as barred by res judicata.)

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motion to Proceed *in forma pauperis* on Appeal (Doc. 31) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___16___ day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge